UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV 21-01434-DMG (DFM) | Date: | January 13, 2022 |
|---|---|---|---|
| Title | Terrence A. Hawkins v. Monique Rene Urteaga | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On August 19, 2021, Plaintiff Terrence A. Hawkins constructively filed a complaint under 42 U.S.C. § 1983 against his ex-girlfriend, Defendant Monique Rene Urteaga. See Dkt. 1 ("Complaint"). The Complaint was not accompanied by the necessary filing fee or a request to proceed in forma pauperis ("IFP"), i.e., without prepayment of filing fees. See Dkt. 3.

On September 9, 2021, the Court issued an Order to Show Cause. See Dkt. 6. The Court identified two problems: (1) Plaintiff had not filed the documentation necessary to qualify for IFP status; and (2) Plaintiff had not alleged that his federal civil rights had been violated because he did not allege that any person acted under color of state law or violated any right secured by federal law. Because the second problem appeared not to be curable by amendment, the Court ordered Plaintiff to show cause in writing why the Complaint should not be dismissed for failure to state a claim upon which relief could be granted under 42 U.S.C. § 1983. See id. at 1-2.

On October 27, 2021, after Plaintiff failed to timely respond to the Order to Show Cause, the Court issued a Report and Recommendation recommending that the Complaint and this entire action be dismissed without prejudice for failure to prosecute. See Dkt. 8. Plaintiff has not filed any objection to the Court's Report and Recommendation, and the time to file objections has expired. See Dkt. 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

However, on the same date, October 27, 2021, Plaintiff constructively filed a Notice of Change of Address in a separate case pending before this Court: Terrence Hawkins v. Mosqudea et al., No. ED CV 21-01741-DMG (DFM), Dkt. 5. In that Notice, Plaintiff asks for the status of this case. See id. Although Plaintiff's change of address is reflected in the docket of this case, it is possible that due to the change of address, he was never provided with a copy of the Order to Show Cause and the Report and Recommendation. The Court will therefore withdraw the Report and Recommendation and give Plaintiff additional time to respond to the substance of the Court's Order to Show Cause.

The key portions of that Order are restated for Plaintiff's convenience here:

A plaintiff bears the burden of showing financial inability to pay the filing fee. 28 U.S.C. § 1915(a); Rowland v. California Men's Colony, 506 U.S. 194, 204 (1993) (section 1915(a) authorizes litigation without prepayment of fees by a "person" who files affidavit stating inability to pay, nature of the action, defense or appeal, "and affiant's belief that he is entitled to redress"); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005) ("[P]risoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records."). To qualify for IFP status, a civil litigant must demonstrate both that he is unable to pay court fees and that the action, among other things, does not fail to state a claim on which relief may be granted. See 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(ii).

Here, it appears that the Complaint would be subject to immediate dismissal for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (quoting West v. Atkins, 487 U.S. 42, 46 (1988)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49 (citation omitted); McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000) (citation omitted). In other words, "the under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful."'" American Mfrs. Mut. Ins. Co., 526 U.S. at 50 (citations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

omitted); accord Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

Here, Plaintiff does not allege that Defendant violated any right secured by the Constitution or laws of the United States. Nor does he allege that Defendant was acting under color of state law. Instead, he alleges strictly private conduct by Defendant in stealing approximately $21,000 worth of his jewelry. See Complaint at 5-9.[1] These allegations do not appear to state a federal civil rights claim. Moreover, the Court does not see how these deficiencies could be cured with leave to amend.

For these reasons, Plaintiff is ORDERED to show cause in writing within **twenty-one (21) days** of the date of this order why the Complaint should not be dismissed without leave to amend for failure to state a claim under 42 U.S.C. § 1983.

|  | : |
|---|---|
| Initials of Preparer | nb |

---

[1] These page numbers follow CM/ECF pagination, which is added to the top of each page entered into the Court's electronic case filing system.

Plaintiff states that he sent evidence consisting of three property sheets or forms and requests to be sent copies back. See Dkt. 5 at 1. However, the Court does not have any record of receiving any property sheets or forms associated with this case or any other case of Plaintiff's.