UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 21-01434-DMG (DFM) | Date: | March 16, 2022 |
|---|---|---|---|
| Title | Terrence A. Hawkins v. Monique Rene Urteaga | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order to Show Cause |
|---|---|

On August 19, 2021, Plaintiff Terrence A. Hawkins constructively filed a complaint under 42 U.S.C. § 1983 against his ex-girlfriend, Defendant Monique Rene Urteaga. See Dkt. 1 ("Complaint"). The Complaint was not accompanied by the necessary filing fee or a request to proceed in forma pauperis ("IFP"), i.e., without prepayment of filing fees. See Dkt. 3.

On September 9, 2021, the Court issued an Order to Show Cause. See Dkt. 6. The Court identified two problems: (1) Plaintiff had not filed the documentation necessary to qualify for IFP status; and (2) Plaintiff had not alleged that his federal civil rights had been violated because he did not allege that any person acted under color of state law or violated any right secured by federal law. Because the second problem appeared not to be curable by amendment, the Court ordered Plaintiff to show cause in writing why the Complaint should not be dismissed for failure to state a claim upon which relief could be granted under 42 U.S.C. § 1983. See id. at 1-2.

On October 27, 2021, after Plaintiff failed to timely respond to the Order to Show Cause, the Court issued a Report and Recommendation recommending that the Complaint and this entire action be dismissed without prejudice for failure to prosecute. See Dkt. 8.

However, on the same date, Plaintiff constructively filed a Notice of Change of Address in a separate case pending before this Court: Terrence Hawkins v. Mosqudea et al., No. 21-01741 (C.D. Cal. filed Oct. 14, 2021), Dkt. 5. In that Notice, Plaintiff asked for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

status of this case. See id. Although Plaintiff's new address at the Robert Presley Detention Center in Riverside, California, was reflected in the docket of this case, it was possible that he was never provided with a copy of the Order to Show Cause. The Court therefore withdrew the Report and Recommendation and issued an order giving Plaintiff additional time to respond to the substance of the Order to Show Cause. See Dkt. 9 at 2-3.

On February 7, 2022, Plaintiff filed a Request to Proceed without Prepayment of Filing Fees in the Hawkins v. Mosqudea case. See id., Dkt. 7. The Request indicates that he has now been transferred from the Robert Presley Detention Center to the John J. Benoit Detention Center in Indio, California. See id. at 1; see also Riverside County Sheriff's Department Jail Information Management System, https://jimspub.riversidesheriff.org/ (search by name "Terrence Hawkins") (last accessed Mar. 3, 2022).

Accordingly, the Clerk of Court is directed to update Plaintiff's address as follows:

> Mr. Terrence Hawkins
> Booking Number 201906599
> John Benoit Detention Center
> P.O. Box 1748
> Indio, CA 92201

It remains possible that Plaintiff has never been provided with a copy of the Order to Show Cause. The Court will therefore give him additional time to respond to its substance. Its key portions are restated here:

It appears that the Complaint would be subject to immediate dismissal for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (quoting West v. Atkins, 487 U.S. 42, 46 (1988)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49 (citation omitted); McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000) (citation omitted). In other words, "the under-color-of-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful."'" <u>American Mfrs. Mut. Ins. Co.</u>, 526 U.S. at 50 (citations omitted); <u>accord</u> <u>Sutton v. Providence St. Joseph Med. Ctr.</u>, 192 F.3d 826, 835 (9th Cir. 1999).

Here, Plaintiff does not allege that Defendant violated any right secured by the Constitution or laws of the United States. Nor does he allege that Defendant was acting under color of state law. Instead, he alleges strictly private conduct by Defendant in stealing approximately $21,000 worth of his jewelry. <u>See</u> Complaint at 5-9.[1] These allegations do not appear to state a federal civil rights claim. Moreover, the Court does not see how these deficiencies could be cured with leave to amend.

For these reasons, Plaintiff is ORDERED to show cause in writing within **twenty-one (21) days** of the date of this order why the Complaint should not be dismissed without leave to amend for failure to state a claim under 42 U.S.C. § 1983.

|  | : |  |
|---|---|---|
| Initials of Preparer | nb | |

---

[1] These page numbers follow CM/ECF pagination, which is added to the top of each page entered into the Court's electronic case filing system.

Plaintiff states that he sent evidence consisting of three property sheets or forms. <u>See</u> Dkt. 5 at 1. He asks for copies of these documents to be sent back to him. <u>See id.</u> However, the Court does not have any record of receiving any property sheets or forms associated with this case or any other case of Plaintiff's.