UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV 21-01434-DMG (DFM) | Date: | May 17, 2022 |
|---|---|---|---|
| Title | Terrence A. Hawkins v. Monique Rene Urteaga | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On August 19, 2021, Plaintiff Terrence A. Hawkins constructively filed a complaint under 42 U.S.C. § 1983 against his ex-girlfriend, Defendant Monique Rene Urteaga. See Dkt. 1 ("Complaint").

Shortly thereafter, the Court issued an Order to Show Cause. See Dkt. 6. The Court noted that Plaintiff had not alleged that his federal civil rights had been violated; he did not allege that any person acted under color of state law or violated any right secured by federal law. Thus, the Court ordered Plaintiff to show cause in writing why the Complaint should not be dismissed for failure to state a claim upon which relief could be granted under 42 U.S.C. § 1983. See id. at 1-2.

Since then, Plaintiff has been transferred three times from one detention facility to another. See Complaint at 1; Dkt. 10 at 1-2; Riverside County Sheriff's Department Jail Information Management System, https://jimspub.riversidesheriff.org/ (search by name "Terrence Hawkins") (last accessed May 2, 2022). In less than 1 year, Plaintiff has been held at four of Riverside County's five correctional facilities. See Correctional Facilities, https://www.riversidesheriff.org/673/Correctional-Facilities (last accessed May 2, 2022).

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

The Clerk of Court is directed to update Plaintiff's address as follows:

> Mr. Terrence Hawkins
> Booking Number 201906599
> Southwest Detention Center
> 30755-B Auld Road
> Murrieta, CA 92563

The Court is sympathetic that being frequently transferred would pose difficulties for any person held in custody. Nonetheless, each party in litigation bears responsibility for moving the case forward toward completion. Plaintiff is reminded that he must promptly file a notice of change of address each time his address changes. Specifically, if a Court document is returned as undeliverable and the pro se plaintiff has not filed a notice of change of address within 14 days of the document's service date, the Court "may dismiss the action with or without prejudice for failure to prosecute." Local Rule 41-6.

It remains possible that Plaintiff has never been provided with a copy of the Order to Show Cause. The Court will therefore give him additional time to respond to its substance. Its key portions are restated here:

It appears that the Complaint would be subject to immediate dismissal for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (quoting West v. Atkins, 487 U.S. 42, 46 (1988)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49 (citation omitted); McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000) (citation omitted). In other words, "the under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful."'" American Mfrs. Mut. Ins. Co., 526 U.S. at 50 (citations omitted); accord Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Here, Plaintiff does not allege that Defendant violated any right secured by the Constitution or laws of the United States. Nor does he allege that Defendant was acting under color of state law. Instead, he alleges strictly private conduct by Defendant in stealing approximately $21,000 worth of his jewelry. See Complaint at 5-9.[1] These allegations do not appear to state a federal civil rights claim. Moreover, the Court does not see how these deficiencies could be cured with leave to amend.

For these reasons, Plaintiff is ORDERED to show cause in writing within **twenty-one (21) days** of the date of this order why the Complaint should not be dismissed without leave to amend for failure to state a claim under 42 U.S.C. § 1983.

:

Initials of Preparer    nb

---

[1] These page numbers follow CM/ECF pagination, which is added to the top of each page entered into the Court's electronic case filing system.

Plaintiff states that he sent evidence consisting of three property sheets or forms. See Dkt. 5 at 1. He asks for copies of these documents to be sent back to him. See id. However, the Court does not have any record of receiving any property sheets or forms associated with this case or any other case of Plaintiff's.